MOKTCTJRR, J.,
delivered the opinion of the court.
The order appealed from in this case was made on a motion founded on the provision in the Code, ch. 179, § 12, p. 678, which declares that “the judge of a Circuit court in which a case is pending, wherein an injunction is awarded, may, in vacation, dissolve such injunction, after reasonable notice to .the adverse party. ’ ’ In deciding on this motion, it was only necessary for the judge to determine whether or not (looking to the case as it then stood) it ap *513 peared that the appellee Ployd R. Whitehead had any interest in the subject in controversy, which could be made liable to the claims of his creditors, and that the appellant was a creditor entitled to enforce such liability. If it did so appear, it was proper to continue the injunction ; otherwise it was proper to dissolve it. It was unnecessary and premature in that stage of the case to enquire, or express any opinion, as to the precise extent of the interest which could be so made liable, whether it embraced the whole subject in controversy, or the surplus thereof, after paying the debts of the mercantile concerns mentioned in the order, or either of them, or an undivided portion of such surplus.
We are of opinion that the said appellee had such an interest in the subject in controversy. He carried on the trade as agent of his wife and on her separate account. She pledged her separate estate (so far as she had power to do so) for the stock of goods with which the trade was commenced; and the store-house was leased to her husband as her agent. The subsequent purchases, or many of them, were made on the credit of her separate estate, or of her husband as her agent. But she invested no money in the business, and always remained in the possession and enjoyment 'x'of her separate estate. It is comparatively of small value, and consists of unproductive personal property, much of which is perishable. She has but a life estate in the property, with a power of appointment “by will to such person or persons as she shall choose, but not out of her own family, or the family of her said husband.” And it is provided in the deed of settlement that even during her life the property shall remain in her possession for the support and maintenance of herself and her issue and family, and for no other purpose whatever. She could certainly pledge or charge no more than her life estate in the property if even she could do that: which is at least very questionable. At all events, it is obvious that whatever was acquired by the trade was acquired, in whole or in part, by the labor and skill of the husband. Creditors trust their debtor on the faith, not only of his present property, but of his future acquisitions, whether made by his labor and skill or otherwise; and he has no right to devote either to the separate use of his wife, in exclusion of their claims. He is certainly under a high obligation to support his family; but he is under a still higher obligation to pay his debts. If the wife in this case had no power to pledge or charge her separate estate, then the arrangement under which the trade was carried on by her husband as her agent was purely voluntary; and though it might be valid as between the husband and wife, it would seem to be void as to his creditors. Whether in that case the creditors, whose debts were created on the faith of the arrangement, would be entitled to priority of payment out of the subject in controversy, is a question which it is unnecessary now to consider. If she had such power, then the arrangement would be void as to h,is creditors to some extent, and whether in whole or in part, would be a question for the court to decide at the hearing. If valid as to them to any extent, it *would only be to the extent of compensating her just interests in the subject; on the principle of the cases of Quarles v. Racy, 4 Munf. 251; Blanton v. Taylor, Gilm. 209; and Taylor v. Moore, 2 Rand. 563. It would be difficult, if not impossible, for the court to adjust the relative and conflicting interests of the wife and the creditors of the husband in the profits of the trade; and to ascertain how much she should receive for the credit of her separate estate, and they for the labor and skill of himself and his infant sons in carrying on the business. She might at least be entitled to require that the property acquired by the trade should be applied to the payment of the debts of the concern, before it was subjected to the claims of his individual creditors. She would certainly not be entitled, as against them, to all the profits of the business, however large they might be, on the ground that the services of the husband and his infant sons in carrying it on had been adequately compensated by the support which they derived from it. A man may be so successful in business as to make more than a support for his family, and more than the ordinary value of such services as were rendered by him in carrying it on ; and his creditors are entitled to the benefit of all that he can make. He cannot, by trading as agent of his wife and on the credit of her separate estate, secure to her separate use, in exclusion of the claims of his creditors, all the proceeds of his future labor and skill beyond the necessary support oi his family. The business in this case appears to have been very successful, and to have yielded a profit beyond the support of the family, including the wife. We deem it unnecessary to express any opinion as to any right or interest of the appellee Alexander R. Whitehead in the subject in controversy; and think enough has been said to show that the appellee Rloyd R. Whitehead has*an interest therein which is liable to the claims of his creditors.
We are also of opinion that the appellant is a creditor entitled to enforce such liability. He is a decree creditor, and avers in his bill that he has sued out two executions on his decree, which have been returned “no effects unencumbered.” He exhibits a copy of his decree, though not of the executions and returns. But the averment in the bill in regard to the executions is not denied in any of the answers; and, on a motion to dissolve, must be taken to be true. Having thus acquired a right to have satisfaction out of his debtor’s property specifically, he is therefore entitled to come into equity to impeach the arrangement in question, on the ground of fraud. Whether a creditor at large would be so entitled, under the provision in the Code, *514 ch. 179, ? 2, p. 677, is a question which need not be considered. It is stated in the answer of Ployd L. Whitehead, that the appellant has long since conveyed away his claim by deed of trust for the benefit of his creditors; a copy of which deed is in the. record: and it is contended that the appellant has therefore no right to maintain this suit. It is not pretended that the claim was ever sold under the deed of trust; and, even if the deed be still unsatisfied, we are of opinion that the appellant has a sufficient interest in the claim to entitle him to maintain the suit; though it may be necessary hereafter to make the trustee in the deed a party to the suit.
The motion to dissolve the injunction was therefore properly overruled.
We are also of opinion that there is no error in so much of the order as appointed a receiver to take into possession all the papers, books, accounts, evidences of debt, &c., of the concerns therein mentioned, and the property, real, personal or mixed, appertaining thereto, collect the debts, make sale of the property upon the *usuc£l terms, and make report to the court. The power to appoint a receiver, when one is necessary for the collection, preservation or sale of property pending an injunction suit, is incident to the power to grant an injunction; and the latter power being expressly conferred by law on a judge in vacation, the former is conferred on him by implication. The necessity for the appointment of a receiver in this case for the purposes before mentioned, is shown by the answers of the ap-pellees; from which it appears that when arrested by the injunction they were engaged in winding up their business, by selling their property, collecting their credits, and paying their debts, and their interests required that the sales and collections should be made with as little delay as possible. Indeed, the counsel of the appel-lees, in their argument of this case, did not question, but seemed to admit, the propriety of appointing a receiver, if it was proper to continue the injunction.
But we are of opinion that there is error in so much of the order as directed the receiver to “pay out of such debts, collections and sales of property, all the liabilities of said concern to merchants or others who have trusted them for supplies of goods, moneys or other things. ’ ’ It was premature to determine, before the hearing of the cause, whether the creditors of the said concerns, or either of them, are entitled to priority of payment out of the subject in controversy; and if they are so entitled, it was erroneous to direct the receiver to pay their claims before they were ascertained and allowed by' tjie court. Before any such direction is given, an order should be made directing a commissioner of the court to take an account of what is due to the said creditors, and to cause them, upon due public notice, to come before him and prove their claims; so that an opportunity may be afforded to the appellant and the creditors respectively, to contest any *of the said claims before the com-missioher, or before the court, on exceptions to his report.
Therefore, so much of the said order as is in conflict with the foregoing opinion is reversed, with costs to the appellant, and the residue thereof is affirmed. And the cause is remanded to the Circuit court for further proceedings to be had therein.
Decree reversed.