# Staunton.

## ALSOP, MOSBY & CO. v. CATLETT & JENKINS & OTHERS.

### SEPTEMBER 14, 1899.

Absent, Riely, J.

1. FRAUD—*Deed of Trust—Participation of Creditor or Trustee.*—Although a deed of trust to secure a creditor be made with intent to defraud other creditors of the grantor, it will not be set aside, in the absence of proof that either the trustee or the creditor secured was a party to the fraud. In the case in judgment such proof was not furnished.

2. FRAUD — *Proof Required—Presumption—Subsequent Misconduct.*—He who alleges fraud must, except in a particular class of cases, clearly and distinctly prove it. The law does not, as a rule, presume fraud, but innocence and fair dealing. If the *bona fides* of a transaction is fixed, the subsequent misconduct of the beneficiary cannot render it fraudulent.

3. CHANCERY PLEADING AND PRACTICE—*Fraud—Husband and Wife—Service of Husband About Affairs of .Wife.*—On a bill filed by creditors of a husband to set aside a transaction between husband and wife on the ground of fraud, and to subject property conveyed, or its proceeds or profits, to the payment of the husband's debts, the profits arising from the skill and labor of the husband in the conduct of business in the name of the wife cannot be subjected, as no such issue is presented by the pleadings. The bill in such case should show in what the fraud consisted. The fraud must be distinctly charged and clearly proved.

4. CHANCERY PLEADING—*Amendments—Discretion of 'Trial Court—After-Discovered Facts.*—Whether the amendment of a bill in chancery shall be allowed or not lies largely in the discretion of the trial court. If a complainant has knowledge of after-discovered matters before his case is heard, and delays offering an amended bill set-

ting up such matters until after his case has been heard and de-
cided on its merits, it is not error to refuse to permit him to amend
his bill for the purpose of setting up such matters.

Appeal from a decree of the Circuit Court of Tazewell
county, pronounced at August term, 1898, in a suit in chancery,
wherein appellants were the complainants, and the appellees
were the defendants.

*Affirmed.*

The opinion states the case.

*Henry & Graham* and *Geo. W. St. Clair*, for the appellants.

*Fulton & Coulling* and *O'Flaherty & Fulton*, for the ap-
pellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought to set aside and annul a deed of trust
executed by the firm of Catlett & Jenkins, and to subject the
property embraced in it, and other property acquired in lieu
of the property conveyed, and the profits derived therefrom, to
the payment of certain judgments due the complainants, upon
the ground that the conveyance was made for the purpose of
hindering, delaying and defrauding complainants, the appellants
here, in the collection of their debts.

Conceding, for the purposes of this case, that the deed of
trust was made by the grantors with the fraudulent intent
alleged, does the record show that either the trustee in the deed
of trust or Mrs. Coleman, the only creditor secured who is
charged with fraud, was a party to it?

The grounds relied on in the bill to show that the trustee was
a party to it are that he never took possession of nor sold any
of the property conveyed, nor collected or paid over any money
to the creditors secured, but immediately upon the execution of
the deed of trust turned over to the wives of the grantors all

the property, without interfering in any manner whatever with the business of the grantors; that he was a mere conduit for passing the title of the property from the grantors to their wives; and that he has never made any settlement of his accounts as trustee.

It is true that the trustee had never made any settlement of his accounts; but it clearly appears that, immediately upon the execution of the deed of trust, he took possession, and made an inventory of the goods and merchandise on hand, and gave a considerable portion of his own time to closing out the business.

It is shown by Blair, the chief clerk of the trustee in closing out the business, who was put upon the stand by the complainants, that the trustee gave to the business of the trust all the attention that was required, and that he discharged his whole duty in handling and disposing of the goods.

It further appears that the trustee, after carrying on a retail business for about one and a half months, during which time he sold nearly one thousand dollars' worth of goods, disposed of the residue of the stock which was inventoried at between $1,600 and $1,700, cost price, for $1,500 to Mrs. Coleman, to be applied as a credit upon her debt of $3,000, she being one of the preferred creditors. The trustee paid the other preferred creditors about the same *per cent.* on their debts out of the moneys in his hands arising from the sale and collections made by him.

The real estate embraced in the deed of trust was subject to liens when conveyed to the trustee. By the terms of the trust he was authorized to sell the property either publicly or privately, as he might deem best. He sold privately to the wives of the grantors the property in which the latter had been carrying on their mercantile business at a price very little, if any, more than the amount of the lien upon it. It may be that the property was worth and would have sold for more than they agreed to give for it, although it appears that the holder of the

lien refused to take the property in satisfaction of the debt. This sale, while it may be a circumstance tending to show that the trustee was cognizant of or a party to the fraud of the grantors in making the assignment, does not by itself, or in connection with the other facts proven, make out a case of fraud against him. It is true, as contended by counsel for the appellants, that fraud can only be proven in most cases by circumstantial, and not by direct, evidence. But whether proven by circumstantial or direct evidence the rule is universally recognized, except in a particular class of cases within which this trustee does not come, that he who alleges fraud must clearly and distinctly prove it. The law never presumes fraud, but the presumption is always in favor of innocence, and not of guilt. *Engleby* v. *Harvey*, 93 Va. 440, 445, and cases cited.

As before stated, the only one of the creditors secured in the deed of trust, who is charged with fraud, is Mrs. Coleman, the mother of one of the grantors, and the aunt of the other.

The bill alleges that the firm of Catlett & Jenkins, the grantors, did not owe her the sum of $3,000 secured by the deed of trust, nor any other sum of money, and that she never was at any time worth that sum or any other considerable amount, but that she and her name were used as a blind to cover up and give a specious appearance to the false and fraudulent transaction of the grantors; and that, if they ever at any time owed her any sum of money, it had been settled, adjusted, compromised, or paid.

The complainants not only failed to make good these allegations against Mrs. Coleman, but the record shows that she was, at the time of the execution of the trust, and had been for more than twenty years, engaged in a successful business in Warren county, where she resided; that she was a woman of means, of good personal and business character, amply able to lend the amount secured. Mrs. Coleman testified that this sum was due her for money loaned the grantors from time to time, beginning

in September, 1889, when they commenced business in Pocahontas, and continuing to February, 1893, less than one month before their assignment. She gives the date and the amount of each loan, states that notes were taken therefor, exhibits checks for sums loaned aggregating $1,770, and states that the residue of the $3,000 was loaned in cash.

For a mother to lend money to her son and a nephew whom she had to a great extent reared, to commence and continue business upon, is a reasonable and natural transaction. She was able to make the loan; she is shown to be a woman of good character, and states positively that the loan was made, and was due and unpaid when the trust was executed. She further testified that she knew nothing of the execution of the assignment until after it was made. The circumstances relied on to show that her debt was a fictitious one, or that she was guilty of fraud in the execution of the trust, are clearly insufficient. That conclusion could only be reached by finding that Mrs. Coleman was guilty of deliberate false swearing, and of this there is no satisfactory evidence. The fact that she afterwards purchased the remnant of the stock of goods from the trustee, and continued the business in the name of Catlett and Jenkins, as her agents, and subsequently turned the business over to their wives, does not, even if her object in doing so was an improper one (and this has not been shown), affect the validity of the original assignment. When it was established that the debt secured to be paid her was a valid and subsisting one, and that she knew nothing of the execution of the assignment until after it was made, the *bona fides* of that transaction, so far as she was concerned, was fixed, and her subsequent conduct could not render it fraudulent.

We are of opinion, therefore, that the complainants have failed to show that either the trustee or Mrs. Coleman was guilty of the fraud charged against them.

It is earnestly insisted by counsel for complainants that, even

though the court should hold that it had not been shown that
the deed of trust was executed to hinder, delay, and defraud
them in the collection of their debts, still the profits arising
from the skill and labor of their husbands in conducting the
business carried on by them in the names of their wives were
liable for their debts, and that they had the right under the
principles laid down in the case of *Penn* v. *Whitehead,* 12 Gratt.
74; 17 Gratt. 503, to subject those profits, and the property ac-
quired by means thereof, to the payment of their judgments.

The right to do this is denied by Mrs. Catlett and Mrs.
Jenkins upon two grounds: First, that no such case is made by
the pleadings; and, second, that, if it were, the relations of
husband and wife have been so changed by what is known as
the Married Woman's Act (ch. 103 of the Code), that the hus-
band, so far as the trade of the wife and its products and earn-
ings are concerned, is placed upon the footing of a stranger,
and that for his labor neither he nor his creditor can claim any
interest in such goods, products, or earnings, and can have
no claim for his services other than that of a debt against his
wife, based upon his right to a reasonable compensation over
his support, if there has been a profit.

The defendants' first objection to the consideration of this
question seems to be well taken. The bill was manifestly framed
for a different purpose, and if it had in view any such object
it can only be inferred. It is not distinctly charged. The whole
bill shows that it was prepared upon the theory that the assign-
ment was made to defraud the complainants in the collection of
their debts, and that its object was to have that assignment set
aside and annulled on that ground and the property embraced
therein, or acquired in lieu thereof, and its proceeds or profits,
subjected to the payment of their debts.

There is nothing in the allegations of the bill, nor in its
prayer for relief, which would give notice to the defendants
that the object of the suit was to subject to the complainants'

debts the profits resulting to the business of Mrs. Catlett and Mrs. Jenkins from the services of their husbands as their agents or employees, in the event the court held that the deed of trust was valid. .

It is clear from the answers of Mrs. Catlett and Mrs. Jenkins that they did not place any such construction upon the bill. Their counsel in their brief state that this question is raised for the first time in this court in argument. Be that as it may, we are of opinion that the question under consideration was not put in issue by the pleadings in the case, and therefore cannot be considered.

" Nothing, least of all fraud," as was said by Judge Tucker in *Koger* v. *Kane,* 5 Leigh 605, 610, " can be the subject of trial until it is put in issue." Where fraud is relied on, the bill must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since it must be clearly proved it must be distinctly stated. It will not do to state it argumentatively. The charge must be direct as the proof must be clear. *Southall* v. *Farish,* 85 Va. 403-4; *Jordan* v. *Liggan,* 95 Va. 616, 621.

After the case had been heard and decided by the Circuit Court, and a decree directed dismissing the bill, the complainants tendered an amended bill, which the court refused to allow to be filed. This is assigned as error. The object sought by the amended bill was to set up additional facts which had come to the knowledge of the complainants since the original bill was filed. These after discovered matters had been known to the complainants for months before the case was decided or submitted, and no reason is given why the amended bill was not· tendered earlier. The matter of amendments is largely in the discretion of the court. Where a complainant has knowledge of the after discovered matters before the case is heard, and delays offering an amended bill setting up such matters until after the case is decided against him upon the merits, it cannot be said

that the court abused its discretion in refusing to allow the amended bill to be filed. See 1 Barton's Ch. Pr. (2 ed.), 345 and following, where the authorities are cited.

We are of opinion, therefore, that there is no error in the decree complained of, and that it must be affirmed, but without prejudice to the right, if any, of the complainants to proceed against Catlett & Jenkins and their wives to subject the property or profits acquired by them through the services of their husbands, if they be so advised.

*Affirmed.*