## Richmond.

### Vashon & Another v. Barrett & Others.

#### March 21, 1901.

1. Chancery Pleading and Practice—*Amendments—Discretion—After-Discovered Evidence.*—The matter of amendments is largely within the discretion of the trial court. After a case has been decided, however, it is not error to refuse to allow an amended bill to be filed, when it does not appear from such amended bill or otherwise, that the new matter set up by it was discovered after the original bill was filed.

2. Statute of Limitations—*Voluntary Conveyances—Acknowledgment—Recordation.*—The limitation to a suit to avoid an absolute conveyance on the sole ground that it is voluntary is five years from the time the right to avoid it accrues, but, by the terms of section 2467 of the Code, prior to the late amendment (Acts 1895-'6, p. 285), if the conveyance was recorded within twenty days after due acknowledgment, it was as valid, as against creditors, as if recorded on the day of acknowledgment, and the five years must be reckoned from the latter date.

3. Statute of Limitations—*Voluntary Conveyances—Settlements.*—The act of limitation to suits to avoid voluntary conveyances does not cease to run simply because no settlement has been had between parties, and the exact amount due has not been ascertained.

4. Statute of Limitations—*Voluntary Conveyances—Fraud.*—The mere fact that a creditor does not know that a conveyance made by his debtor is without consideration, does not stop the running of the statute of limitations. To have that effect such ignorance must proceed from the fraud of the grantee, and this should be plainly charged.

5. Statute of Limitations—*Burden of Proof—Voluntary Conveyances.*—The burden of proving that a transfer, alleged to be voluntary, was made more than five years before the institution of a suit to have it set aside, is on the party pleading the statute.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced December 9, 1899, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Reversed in part.*

The opinion states the case.

*James Caskie* and *Jackson Guy,* for the appellants.

*Cardwell & Cardwell, B. T. Barrett* and *Wise & Watkins,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to set aside and annul a conveyance of land and a transfer of an insurance policy made by George S. Vashon, Sr., upon the ground that they were not made for a valuable consideration, and were, therefore, void as to the debt of the complainant, George S. Vashon, Jr.

The defence relied on was that the conveyance and transfer were made more than five years prior to the institution of the suit. Upon the hearing of the cause at the June term, 1899, upon the bill, plea of the statute of limitations, and general replication thereto, the court sustained the plea, and ordered the bill to be dismissed. The order was not actually entered, however, at that term of the court, but was entered in December following as a *nunc pro tunc* order. On the day that order was entered, Samuel H. Pulliam tendered his petition to the court, in which he alleged that the complainant had, on the 6th day of October, 1899, for a valuable consideration, assigned him the debt sued on, and prayed that he might be made a party complainant in the cause with his assignor, or be substituted in his stead as sole complainant, in order that he might file an amended

and supplemental bill, which was tendered to the court, in which it was alleged, by way of amendment to the original bill, that he was informed and believed, and so charged, that the conveyance and transfer sought to be set aside by the original bill as voluntary, were in fact fraudulent, and that they were made to hinder, delay, and defraud the creditors of George S'. Vashon, Sr.; but the court was of opinion that the petitioner was a *pendente lite* purchaser, and not entitled to be made a party complainant in the cause; and was further of opinion that the amended and supplemental bill ought not to be filed, because it made out a new case; because it did not appear on its face or otherwise that the facts therein stated upon which the charge of fraud was based were discovered after the filing of the original bill; and for the further reason that the court had decided to dismiss the original bill at the last term of the court.

From that decree the complainant in the original bill, and Pulliam, his assignee, obtained this appeal.

The refusal of the court to allow the amended and supplemental bill to be filed is assigned as error.

The question of filing amended pleadings after the court has decided a cause was considered in the recent cause of *Alsop* v. *Catlett*, 97 Va. 364, 370.

In that case it was said: "After the case had been heard and decided by the Circuit Court and a decree directed dismissing the bill, the complainants tendered an amended bill, which the court refused to allow to be filed. This is assigned as error. The object sought by the amended bill was to set up additional facts which had come to the knowledge of the complainants since the original bill was filed. These after-discovered matters had been known to the complainants for months before the case was decided or submitted, and no reason is given why the amended bill was not tendered earlier. The matter of amendments is largely in the discretion of the court. Where the complainant has knowledge of the after-discovered matters before the case is heard, and

delays offering an amended bill setting up such matters until after the case is decided against him on the merits, it cannot be said that the court abused its discretion in refusing to allow the amended bill to be filed."

In this case it does not appear from the amended bill, or otherwise, that the facts upon which the charge of fraud was based were discovered after the original bill was filed. No excuse whatever is given why the charge of fraud was not made before the case was decided. As this delay, unexplained, justified the court's refusal to allow the amended bill to be filed, it is unnecessary to consider the other grounds upon which it based its action.

Under what circumstances, if at all, a *pendente lite* purchaser in a case like this is entitled to become a party complainant need not be considered, as no injury resulted to such purchaser in this case, for if he had become a party, the action of the court in refusing to allow the amended bill to be filed would have been the same, for he certainly had no higher rights than his assignor.

By section 2929 of the Code it is provided, among other things, that "no gift, conveyance, assignment, transfer or charge, which is not on consideration deemed valuable in law shall be avoided, either in whole or in part, for that cause only, unless, within five years after the right to avoid the same has accrued, suit be brought for that purpose."   *   *

The complainant's debt arose out of a partnership business, in which he and his father were engaged, and which was dissolved February 1, 1893. The conveyance sought to be set aside was dated March 9, acknowledged March 24, and admitted to record April 12, 1894. This suit was not instituted until April 7, 1899, more than five years after the conveyance in question was made and recorded; for by section 2467 of the Code, the law then in force, it was expressly provided that where a deed conveying real estate is admitted to record within twenty days from its being acknowledged before and certified by an officer authorized to

certify the same for record (as was done in this case), unless it be a mortgage or deed of trust, not in consideration of marriage, the recordation shall be as valid as to creditors and subsequent purchasers as if such admission to record had been on the day of such acknowledgment and certificate. It thus appears that the complainant's debt was contracted before the conveyance was made, although no settlement, or at least no final settlement, of their partnership matters was had until some months afterwards. The fact that no settlement had been made, and the precise amount due the complainant had not been ascertained did not, we think, postpone the running of the statute until a settlement was made. The complainant had the right, even if his debt had not been due and payable when the conveyance was recorded, to bring his suit to avoid it (section 2460 of the Code as amended, Pollard's Supplement, page 264), and surely where it was due, although a settlement was necessary to ascertain the precise amount, he had the right to institute his suit to avoid the conveyance as soon, at least, as it was recorded. To hold that the statute of limitations would not commence to run until a settlement had been made, would make the grantee's right depend upon the acts of the grantor and the creditor who might indefinitely delay their settlement, and thus defeat the very object of limiting the right to avoid the deed to five years after the right to sue had accrued. See note of Judge Burks in 1 Va. Law Register, 596; 1 Barton's Chy. Pr., 112.

The mere fact that the complainant did not know, as he alleges, that the conveyance was without consideration until the year 1897, cannot repel the bar of the statute of limitations. To have that effect such ignorance must proceed from the fraud of the grantee, and this should be plainly charged in the pleadings. *Foster* v. *Rison,* 17 Gratt. 322, 345; *Bickle* v. *Chrisman,* 76 Va. 678, 686. There is no such charge in the complainant's bill.

We are of opinion, therefore, that the right to avoid the conveyance in question accrued as soon at least as the deed was

recorded, and this suit not having been instituted within five years from that time, the complainant's right to have the deed avoided was barred by the statute.

The record does not show when the transfer of the insurance policy sought to be set aside was made. The bill avers that it was after the complainant's debt was contracted. The burden of showing that the transfer was more than five years before the institution of this suit was upon the party pleading the statute. *Goodell* v. *Gibbons*, 91 Va. 608. Having failed to show this, we are of opinion that the Chancery Court erred in sustaining the plea of the statute of limitations and dismissing the bill as to the transfer, and to that extent the decree appealed from must be reversed, but in all other respects affirmed, and the cause remanded to the Chancery Court for further proceedings.

*Reversed in part.*