# 𝔕ichmond.

SPRINKEL V. ROSENHEIM & SON.

November 23, 1904.

1. RENT—*Distress—Levy of Subsequent Executions—A Year's Rent—Code,
   Sec. 2791.*—A distress warrant for rent duly issued and levied on
   the goods of a tenant found on the leased premises has priority
   over executions subsequently issued and levied on said goods,
   though the distress be for more than a year's rent, provided the
   goods are distrained within five years from the time the rent be-
   comes due.  The object of section 2791 of the Code was to protect
   the landlord against the liens created upon the property upon the
   leased premises and subject to distress, after the tenancy began,
   by providing that liens so created should be ineffectual to defeat
   the landlord's right to recover for one year's rent; and it was not
   intended to affect the right of the landlord to distrain for rent
   within five years from the time it became due, where no other
   lien had been created prior to the time the distress warrant was
   issued and levied.

Appeal from a decree of the Circuit Court of Rockingham
county, in a suit in chancery, wherein the appellees, Rosenheim
& Son and others, were the complainants, and the appellant and
others were the defendants.

*Reversed.*

The opinion states the case.

*Roller & Martz,* for the appellant.

*Conrad & Conrad,* for the appellees.

KEITH, P., delivered the opinion of the court.

One P. J. Lamb was indebted to Sprinkel in the sum of $1,067.52 for about three years' rent due and in arrears. On October 9, 1902, Sprinkel caused a distress warrant to be issued, which was levied October 10 on the entire stock of goods, fixtures, etc., of Lamb upon the leased premises. On October 27, judgment creditors of Lamb caused executions to be issued and levied upon the same property. On January 27, 1903, Lamb sold all of his property to Kavenaugh Brothers, under a written contract, the proceeds to be applied to the payment of the liens binding upon it, in the order of their priority. In April, 1903, Rosenheim & Son, and other creditors, filed their bill, for the purpose of having the assets, real and personal, of Lamb applied to the payment of his debts. The bill alleges that Sprinkel is only entitled to a landlord's lien upon the stock and fixtures on the premises for rent for the period of one year, and not for the entire amount of rent claimed to be due.

The cause was referred to a commissioner, who reported that the first lien upon the personal property purchased by Kavenaugh Bros. was that in favor of Sprinkel, and that the executions of the other creditors levied upon this property are subordinate to the lien of Sprinkel by virtue of the issue and levy of his distress warrant for rent.

To this report the complainants filed two exceptions. First, because Sprinkel had in May, 1902, obtained a bond for the rent then in arrears, and had taken a deed of trust on the real estate of the debtor as security, by which the right of distraint was lost. This exception was overruled by the court, and need not be again considered.

The second exception was, because the commissioner allowed more than a year's rent as against the creditors of P. J. Lamb. This exception was sustained by the court, and the propriety of this ruling is the only question before us for consideration.

The remedy by distress for rent is regulated by statute (Code of Va., 1887, chap. 127) from which it appears that rent of every kind may be recovered by distress or action; that it may be recovered by him to whom the rent is due, and from the lessee or other person owing it; that it may be distrained for within five years from the time it becomes due, and not afterwards, whether the lease be ended or not; that the distress shall be made by a constable, sheriff, or sergeant of the county or corporation wherein the rented premises yielding the rent, or some part thereof, may be, or the goods liable to distress may be found, under warrant from a justice, founded upon an affidavit of the person claiming the rent, or his agent, that the amount of money or other thing to be distrained for (to be specified in the affidavit), as he verily believes, is justly due to the claimant, for rent reserved upon contract, from the person of whom it is claimed. *Sections* 2787-2790 inclusive.

It may be well to set out section 2791, as upon it the decision of the question before us depends.

"Sec. 2791. *On what goods levied.*—The distress may be levied on any goods of the lessee, or his assignee, or under tenant, found on the premises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee, or under tenant, when carried on the premises, are subject to a lien, which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien be created thereon while they are upon the leased premises they shall be liable to distress, but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien. No other goods shall be liable to distress than such as are declared to be so liable in this section."

At common law, goods of a tenant taken in execution, though remaining on the premises, were not the subject of distraint, because they were in the custody of the law, and by the common

law the landlord lost his lien upon the tenant's goods after the sheriff had levied on them; for an execution took precedence of all debts, except specific liens. Taylor on Landlord and Tenant, sec. 598.

The object, therefore, of section 2791 was to protect the landlord against liens created upon the property upon the leased premises and subject to distress, after the tenancy began, by providing that liens so created should be ineffectual to defeat the landlord's right to recover for one year's rent, whether such rent accrued before or after the creation of the liens. It was not intended to affect the right of the landlord to distrain for rent within five years from the time it becomes due, where no other lien had been created upon the property liable for rent at the time the distress warrant was issued and levied.

In this case there is no suggestion that there was any irregularity in the issuance and levy of the distress warrant, the proceedings under it appear to have conformed to all the requirements of law, and it does not appear that at the time of the levy any other lien of any kind existed upon the property.

Under these circumstances we are of opinion that the court erred in sustaining the exception to the commissioner's report, and for this error its decree must be reversed.

*Reversed.*