# Richmond.

MATTHEWS & COMPANY v. PROGRESS DISTILLING CO.

November 19, 1908.

1. APPEAL AND ERROR—*Appeal from Interlocutory Decree—Decree of Appellate Court Final—Bill of Review.*—A decree of this court affirming a decree of a trial court which confirmed a report of a commissioner in chancery establishing the priority of judgment liens is final and cannot be reviewed after the expiration of the time fixed by statute for filing a bill of review. Every decision of this court, whether it be upon an interlocutory or a final decree, is in its nature final, except, possibly, where this count disposes of only a part of the case at one term, and reserves it for further and final action at another. All of the decrees of this court being final in their nature, the quality of finality is imparted to the decree appealed from, whether that decree was final or interlocutory.

2. BILL OF REVIEW—*Time of Filing—Exceptions—Inherent Equity—Decree of a Court of Appeals—Finality—After-discovered Evidence.*— The limitation of one year prescribed by section 3435 of the Code, within which a bill of review must be filed, is not subject to any exceptions not contained in that section. No inherent equity can create an exception where the statute makes none, and the mere want of knowledge of a creditor is insufficient to suspend the operation of the statute. A decree of this court, after the expiration of the rehearing period, becomes final and irreversible except upon the ground of after-discovered evidence, and a bill of review upon this ground must be filed within the year prescribed by the statute.

Appeal from a decree of the Circuit Court of Rockingham county in a suit in chancery in which the appellees filed their petition to which appellants were made parties defendants. Decree for petitioners. Defendants appeal.

*Reversed.*

The opinion states the case.

*Roller & Martz,* for the appellants.

*Conrad & Conrad* and *Sipe & Harris,* for the appellees.

KEITH, P., delivered the opinion of the court.

A bill was filed in the Circuit Court of Rockingham county by Rosenheim & Son, the Progress Distilling Company, and others, suing on behalf of themselves and all other lien creditors of P. J. Lamb, in order to ascertain the liens against the defendant, the order of their priority, and to subject his property to their payment. There was a reference to a commissioner, who made his report, to which certain exceptions were filed, one of which assigned as error, that "more than one year's rent, as against the other judgment creditors of Lamb, was allowed in favor of his landlord, C. A. Sprinkel." The court sustained this exception, the case was brought here on appeal, and a decree was rendered at the November term, 1904, in which the decree of the circuit court was reversed and annulled;—"and this court proceeding to pronounce such decree as the said circuit court ought to have pronounced, it further adjudged, ordered and decreed that the second exception filed by the complainants in said circuit court to the report of Commissioner Bryant, returned and filed in this cause on the 16th day of March, 1904, be overruled, and the said report be and the same is hereby confirmed." *Sprinkel* v. *Rosenheim & Son,* 103 Va. 185, 48 S. E. 883. The cause was remanded for further proceedings in the circuit court not in conflict with the written opinion of this court.

It will be observed that the decree appealed from was rendered on the 8th of June, 1904. The decree of this court was rendered on the 29th day of November, 1904, and at the June term, 1906, of the Circuit Court of Rockingham county, the Progress Distilling Company and Rosskam, Gerstley & Co. filed their petition, in which they show that certain debts established by the report of the commissioner of date March 16, 1904, were incorrectly stated, in this, that a debt by judgment

due to Matthews & Co. was reported in the fifth class, and petitioners' judgments were reported, respectively, as in classes six and seven; while, if these judgments had been correctly reported, the debt of Matthews & Co. would have been subordinated to the liens of the petitioners.

The mistake occurred in this way: All three judgments were rendered at the October term, 1902, of the Circuit Court of Rockingham county. They were rendered in accordance with the statute which authorizes a judgment against a defendant after fifteen days' notice. The fifteen days' notice in the case of Rosskam, Gerstley & Co. expired on the 13th day of October, 1902, and judgment was rendered thereon as of that date; that of the Progress Distilling Company matured on the 17th day of October, 1902, and judgment was rendered as of that date. In the case of Matthews & Co., the fifteen days' notice it seems did not expire until October 25th, and judgment was rendered thereon as of that date. In entering these judgments on the judgment docket, in the column under the head of "Date of Judgment," the clerk should have noted that the judgment was not rendered until the 25th day of October, but instead he simply entered under that heading that it was rendered at the October term, 1902. When he came to record the judgments of petitioners, however, he properly indicated the date at which their judgments were rendered during the term. So that, when the master commissioner examined the judgment docket to ascertain what judgments there were against Lamb and the order of their priority, finding the Matthews judgment entered upon the docket as of the October term, 1902, without giving the date of its rendition, he assumed that it related back to the first day of that term, and accordingly gave it priority.

Without going further into the petition, it suffices to say that leave was given the petitioners to file their petition, and that such proceedings thereon were had that on the 10th day of April, 1907, a decree was rendered granting the relief prayed for, and from that decree an appeal was allowed by this court.

By section 3435 of the Code, it is provided, that "no bill of review shall be allowed to a final decree, unless it be exhibited within one year next after such decree, except that an infant or insane person may exhibit the same within one year after the removal of his or her disability."

None of the parties interested in this proceeding are within the excepted classes, and the decree of the circuit court which was appealed from, and the decree of this court which disposed of that appeal, were both entered more than one year before the petition in this case was filed.

Every decision of this court, whether it be upon an interlocutory or a final decree, is in its nature final; except possibly where this court disposes of only a part of the case at one term and reserves it for further and final action at another." *Campbell's Ex'ors* v. *Campbell's Ex'or,* 22 Gratt. 649.

That case is of the highest authority. In it Judge Moncure, speaking for the whole court, reviews all the authorities bearing upon the subject. It has since been cited in cases almost without number, and always with approval. At p. 671, the opinion says, in part: "The decree of this court is certainly not interlocutory, and is none the less final because it is upon an appeal from an interlocutory decree of the court below. The latter decree does not impart its interlocutory nature to the decree of this court which affirms or reverses it in whole or in part, or adjudicates the principles of the cause. The case made for the court of appeals by an appeal from a decree of the court below, whether final or interlocutory, is, as to the court of appeals, a complete. case in itself, and the decree of that court therein is final and conclusive between the parties, as well upon that court itself as upon the court below; and the court of appeals can do nothing more in the course of the same litigation until a new and different appeal is brought up to it from some decree of the court below, rendered in the cause upon subsequent proceedings in that court; and then the court of appeals can only review and revise that decree without interfering with its own former

decree. The two appeals are different and independent cases in this court. The decision of this court is not only final in regard to the decree appealed from, but also in regard to all the prior orders and decrees in the case between the appellants and appellees."

From which it appears that the interlocutory character of the decree appealed from does not impart that quality to the decree of this court, but that, on the contrary, all the decrees of this court being final in their nature, the quality of finality is imparted to the decree appealed from, whether that decree was final or interlocutory. *Lore* v. *Ash,* 89 Va. 277, 15 S. E. 549; *Hawthorne* v. *Beckwith,* 89 Va. 786, 17 S. E. 241; *Rosenbaum* v. *Seddon,* 94 Va. 575, 27 S. E. 425.

It is contended by appellees that the limitation of section 3435 did not begin to run until the mistake which had been committed to their prejudice was discovered.

In *Bickle* v. *Chrisman's Adm'x,* 76 Va. 678, this court construed section 2929 of the Code, which is as follows: "No gift conveyance, assignment, transfer, or charge, which is not on consideration deemed valuable in law, shall be avoided, either in whole or in part, for that cause only, unless, within five years after the right to avoid the same has accrued, suit be brought for that purpose, or the subject thereof, or some part of it, be distrained or levied on by or at the suit of a creditor, as to whom such gift, conveyance, assignment, transfer, or charge is declared to be void by section twenty-four hundred and fifty-nine." The contention in that case was that the statute did not begin to run until a right of action had accrued to him against whom it was pleaded; but the court, conceding that to be "undoubtedly correct with respect to almost all of our statutes of limitation," was of opinion that, with respect to the limitation prescribed by section 2929, it began to run from the date of the execution of the deed; that the exceptions to the operation of the statute must be found in the statute itself; that the doctrine of an inherent equity creating an exception where the

statute makes none has now been universally exploded; and that mere want of knowledge in the creditor is insufficient to suspend the operation of the statute.

In *Vashon* v. *Barrett,* 99 Va. 344, 38 S. E. 200, Judge Buchanan citing *Bickle* v. *Chrisman's Adm'x, supra,* says, in the course of his opinion, that the mere fact that the complainant did not know that the conveyance was without consideration until the year 1897 cannot repel the bar of the statute of limitations; that to have that effect such ignorance must proceed from the fraud of the grantee, and this should be plainly charged in the pleadings.

*Craufurd* v. *Smith,* 93 Va. 628, 23 S. E. 235, 25 S. E. 657, is relied upon by appellees, but we do not find that it is in conflict with the cases already cited. It was there held that no lapse of time and no delay in bringing a suit, however long, will defeat the remedy in case of fraud or mutual mistake, provided the injured party, during such interval, was ignorant of the fraud or mistake, without fault on his part.

We are of opinion, therefore, that the decree of this court, entered at its November term, 1904, was a final decree; that it imparted the attribute of finality to the decree appealed from; that it became final and irreversible, except upon the ground of after-discovered evidence, upon the expiration of the period within which, under the rules of this court, a petition to rehear could be filed; that whether regard be had to the decree of this court or to that of the Circuit Court of Rockingham county from which the former appeal was taken, the limitation of one year, prescribed by section 3435, constitutes a bar to this proceeding; and that the petition or bill of review should have been rejected by the circuit court.

The decree of the circuit court must be reversed, and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*