𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## BROWN AND OTHERS V. BALDWIN AND OTHERS.

September 14, 1911.

1. RADFORD NORMAL SCHOOL—*Selection of Site.*—The act creating the Radford Normal School does not confine the board of trustees mentioned to a particular site as the location of said school, but gives the board power to select, in its discretion, a site within the corporate limits of the city of Radford.

2. INJUNCTIONS—*Interest of Complainants—Schools—Site for State Normal School—Case in Judgment—Discretion of Trustees.*— The principle that citizens may sue in equity to restrain a municipal corporation from creating an unauthorized debt, or illegally expending the money of the municipality, has no application to the case in judgment in which no such relief is sought, but it is sought to compel a board of trustees, who have discretion in the matter, to select a particular site for a State normal school.  The board of trustees being invested with full power and authority to select the site in a designated city for the school (a purely State institution), the complainants have no such interest in the subject of litigation as will enable them to maintain the suit.  The school being a State institution, administered for the benefit of the whole State by one of its own instrumentalities, the interest of local citizens is not different from that of the general public.

3. OFFICERS—*Injunctions—Title to Public Office.*—Courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers, or their title to office.  These are legal questions for a court of law only. Nor, for a like reason, will they enjoin persons from exercising the functions of public offices on the ground of the illegality of the law under which the appointments were made.

Appeal from a decree of the Circuit Court of Montgomery county.  Decree for the defendants.  Complainants appeal.

*Affirmed.*

The opinion states the case.

*Longley & Jordan* and *J. C. Wysor*, for the appellants.

*Johnson & Roop, H. C. Tyler, Woods, Jackson & Smith,*
*R. E. Byrd* and *Scott, Buchanan & Cardwell,* for the appel-
lees.

HARRISON, J., delivered the opinion of the court.

Upon the application of eight citizens and tax-payers
of the city of Radford, an injunction was awarded in this
case enjoining and restraining the board of trustees of the
Radford Normal School from entering into a contract for
the purchase of certain property within the city of Rad-
ford known as the "Heth property," as a site for such
school, and enjoining and restraining the finance commit-
tee of the city council of Radford from paying for such
site, upon the ground that the act creating the Radford
Normal School makes the selection of the "Adams site,"
mentioned therein, obligatory, and leaves the board of trus-
tees appointed under the act without discretion as to the
physical location of the school; and upon the further
ground that the board was an illegal body without lawful
existence or power to act until their appointment by the
governor had been ratified by the Senate of Virginia.

The act creating the Radford Normal School does not, as
contended by appellants, confine the board of trustees to
the Adams site as a location for the school establishment;
on the contrary, under the facts disclosed by the record,
we are of opinion that the board had the power to select,
in its discretion, a site within the corporate limits of the
city of Radford.

The controlling question, however, raised by the record,
involves the right of appellants to come into a court of
equity for the purposes of this suit.

It clearly appears from the record that the appellants
68

have no such interest in the location of this school in the city of Radford as gives them the right to invoke the aid of a court of equity in their effort to determine that location. Citizens can sue in equity to restrain a municipal corporation from creating an unauthorized debt or illegally expending the money of the municipality. *Lynchburg* v. *Dameron*, 95 Va. 545, 28 S. E. 951; *Roper* v. *McWhorten*, 77 Va. 214. This principle, however, has no application to the present case, in which no unauthorized debt has been created by the city and no illegal expenditure of its money is contemplated. The record shows that the city must pay $20,000 for either of the sites mentioned. It can, therefore, make no difference to the appellants, as tax-payers, which site is selected; the burden of taxation upon them will be the same in either case. It is clear that appellants have no interest in the selection of the site for this school differing from that of the general public, nor have they or the citizens generally the right to require the selection of the Adams site. The Radford Normal School, when established, will be in no sense a municipal institution of the city of Radford. It is purely a State institution, administered for the benefit of the whole State by one of its own instrumentalities, a board of trustees, which is given full power and authority to determine the location of the school within the corporate limits of the city of Radford.

Not only have the appellants no interest which permits them to ask for relief in equity in the matter of selecting a site for this normal school, but their attack upon the title of the trustees, as such, is unavailing as a ground for maintaining this proceeding to enjoin and restrain the trustees from discharging their public duties.

The law upon this subject is well settled, and is sufficiently stated in High on Injunctions (4th ed.), sec. 1312, where the learned author says: "No principle of the law of injunctions, and perhaps no doctrine of equity jurispru-

dence is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices. . . . Thus equity will not interfere by injunction to restrain persons from exercising the functions of public offices on the ground of the illegality of the law under which these appointments were made, but will leave that question to be determined by a legal forum."

We are of opinion that the decree appealed from dissolving the injunction awarded in this cause and dismissing the bill filed by the appellants is plainly right and must be affirmed.

*Affirmed.*