## Wytheville,

### BOWE AND OTHERS v. SCOTT AND OTHERS.

June 13, 1912.

Absent, Keith, P., and Cardwell, J.

1. PUBLIC NUISANCE—*Right of Individual to Sue—Special Damage.*—Generally, the obstruction of a public highway is a public nuisance, and the trend of authority is that an individual cannot maintain a bill to injoin such nuisance unless he can show that he has suffered, or will suffer therefrom, special and peculiar damages or injury to himself, as distinguished from damage or injury to the general public. Moreover, such special and peculiar damage or injury must be direct, and not purely consequential, and must be different in *kind,* and not merely in *degree,* from that sustained by the community at large.

2. EQUITY PLEADING—*Amendment of Bill—When Too Late.*—While courts are liberal in allowing amendments of bills, and have discretion in the matter, still this discretion is in no sense arbitrary or capricious, but is, at all times, hedged about and governed by rules which have long been established and recognized as binding upon the courts. Where the matter of amendment is similar to that contained in the bill, and was either known to the complainants, or might well have been known to them, prior to the argument of the demurrer to the original bill, but was not brought forward until said demurrer was sustained on a ground involving its dismissal, the motion to amend comes too late.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*R. E. Byrd* and *David Meade White,* for the appellants.

*Page & Leary, Braxton & Eggleston, Leake & Buford,* and *H. R. Pollard,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The principal question presented by this appeal involves the right of individuals (owning real estate in the city of Richmond, but whose lots do not abut on the section of the public alley obstructed, and who have not suffered any peculiar damage therefrom) to have declared null and void a city ordinance authorizing the closing, for the period of thirty years, of a public alley reaching from Shafer street to Harrison street, to the extent to which it bisects the respective lots of the appellants, Elizabeth S. Scott and E. T. D. Myers, Jr.; also to injoin the defendants from closing any portion of the alley, or from exercising any rights under "the void ordinance."

From a decree sustaining demurrers to the original bill, overruling the motion of the plaintiffs to file an amended bill, and dissolving the injunction theretofore awarded, and dismissing the bill, this appeal was granted.

Speaking generally, the obstruction of a public highway is a public nuisance, and the trend of authority is that an individual cannot maintain a bill to injoin such nuisance unless he can show that he has suffered, or will suffer therefrom, special and peculiar injury or damage to himself, as distinguished from injury or damage to the general public. Moreover, such special and peculiar injury or damage must be direct, and not purely consequential, and must be different in *kind,* and not merely in *degree,* from that sustained by the community at large.

The foregoing statement of the rule denotes the line of cleavage between remedies for public nuisances, which may be maintained by an individual and such as must be asserted for or on behalf of the public.

The rule is thus stated in 29 Cyc. 1210: "It is absolutely essential to the right of an individual to relief against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which all the general public share alike, and the difference between the injury to him and the injury to the general public must be one of kind, and not merely of degree." 4 Pom. Eq. Jur., sec. 1349; 5 Pom. Eq. Rem., sec. 542, where numerous cases are cited.

The research of counsel has drawn our attention to decisions which show that the statement of the law, as given in Cyc., pre-

vails in England, and generally throughout the United States. It is also the established doctrine in Virginia. *Beveridge* v. *Lacey,* 3 Rand. (24 Va.) 63; *Commonwealth* v. *Webb,* 6 Rand. (27 Va.) 729; *James River & K. Co.* v. *Anderson,* 12 Leigh (39 Va.) 278; *Richmond Trust Co.* v. *Murphy,* 98 Va. 109, 34 S. E. 982; *Fisher* v. *S. A. L. Ry.,* 102 Va. 369, 46 S. E. 381; *Brown* v. *Baldwin,* 112 Va. 536, 72 S. E. 143.

In *James River & K. Co.* v. *Anderson, supra,* at p. 278, Tucker, P., observes: "The property of the plaintiff, Anderson, lies in another square to the eastward, and that of Mills two squares off. As well might a lot owner at Rocketts complain of the narrowing of the main street on Shockoe hill, and bring his private action or bill for an injunction. Such remote injuries, common to the whole population, are to be remedied by the action of the constituted corporate authorities, or by prosecution for a nuisance. If Anderson and Mills can implead the defendants for narrowing a street not contiguous to their property, every man in the community might do so. To prevent this evil, the law forbids an action by a private individual for a common nuisance, unless he can show a special injury." At p. 307, Judge Tucker, on the question of jurisdiction, remarks: "In whatever light I have been enabled to view this case, I am perfectly satisfied that the injunction never should have been granted, and that upon the hearing it should have been altogether dissolved."

The learned chancellor, in a clear and conclusive opinion, shows that though the injury to the plaintiffs, as stated in the bill, may be greater than that sustained by other persons living more remote from the scene of the obstruction, such injury is, nevertheless, greater in degree only, and not in kind.

Therefore, under the authorities, the bill does not state a case of such special injury as would entitle the plaintiffs to an injunction.

After the court had announced its decision sustaining the demurrer to the bill, upon a ground involving its dismissal, plaintiffs' counsel stated that they would offer, within very few days, an amended bill. The chancellor found that the matters of amendment (which were of a nature somewhat similar to those contained in the original bill) were either known to the plaintiffs,

or might well have been known to them, prior to the argument of the demurrer, and held that the motion to file the amended bill came too late.

In this ruling we think there was no error. Judge Grinnan, in that connection, justly remarks: "When the proceedings in a cause have reached the stage that they have reached in this suit, a motion to file an amended bill is received with reluctance, and not granted but for some good reason. If such an innovation as is here desired were to be granted, it would open a precedent whereby suits might be greatly and unnecessarily prolonged, to the inconvenience, delay, and expense of litigants. Instead of a plaintiff being at pains to state his whole case in his bill, as he ought to do, if possible, he would be at liberty to present his case to the court by piece-meal; and the announcement of the court's decision would serve no other purpose than to give notice that the bill needed additional allegations. While the courts are liberal in allowing amendments, the indulgence has never gone to this extent. * * * Courts have discretion in these matters, but this discretion is, in no sense, an arbitrary or capricious one. It is a discretion that is at all times hedged about and governed by those rules that have long been established and recognized as binding upon the courts."

The action of the court in overruling the motion for leave to file the amended bill is well sustained by authority. 1 Bar. Chy. Pr. 324, 327; *Alsop* v. *Catlett*, 97 Va. 364, 34 S. E. 48; *Vashon* v. *Barrett*, 99 Va. 346, 38 S. E. 200; *Jackson* v. *Valley Tie Co.*, 108 Va. 714, 722, 62 S. E. 964.

Concurring, as we do, in the ruling of the court sustaining the demurrer to the bill, it becomes unnecessary, and would, indeed, be improper, to express any opinion with respect to the validity of the ordinance, or the right of the public to redress the alleged invasion of their prerogative by prosecution, or other appropriate remedy, for a common nuisance.

The decree appealed from is without error, and must be affirmed.

*Affirmed.*