**CIRCUIT COURT OF FAIRFAX COUNTY**

Gerald F. Messer

v.

Shannon & Luchs Co., et al.

May 6, 1985

Case No. (Law) 67670

By JUDGE JOHANNA L. FITZPATRICK

This matter comes before me on Defendants' Demurrer. After hearing argument of counsel and reviewing the pleadings submitted to the Court, it is my decision that the Demurrer be overruled as to Counts I and II and sustained as to Count III of Plaintiff's Motion for Judgment.

Count I of the Motion for Judgment alleges a breach of the *Virginia Consumer Protection Act*. Virginia Code Section 59.1-198(A) defines a "consumer transaction" as the "advertisement, sale, lease, or offering for sale or lease of goods or services . . . and (ii) transactions involving purchase money loans made by lenders . . . ." Real estate is included as "goods" under Section 59.1-198(B). Virginia Code Section 59.1-198(C) defines a supplier as ". . . a seller or lessor . . . or a manufacturer or distributor . . . ." In a companion case to the case at bar, Judge Brown has held that a real estate agent is analogous to a distributor.[1] I concur with Judge Brown's determination as to this point. Lastly, the *Virginia Consumer Protection Act* applies to acts performed by a

---

[1] Messer v. Re/Max Properties (1985) which is printed above at page 15. [Reporter's Note]

supplier in connection with a consumer transaction. The transaction that is the subject of this litigation is therefore covered by the Act. The Demurrer to Count I is overruled.

Count II alleges fraud on the part of Defendant, incorporating paragraphs 1 through 55 by reference. I am satisfied that the allegations contained in paragraph 1 through 61 are sufficient to support Plaintiff's claim. The facts are set forth with sufficient precision to apprise Defendants of the character of Plaintiff's charges so that they might shape their defenses accordingly. *Tuscarora v. BVA*, 218 Va. 849 (1978), *citing, Alsop v Catlett*, 97 Va. 364 (1899). Defendants' Demurrer to Count II is overruled.

Count III of the Motion for Judgment seeks to assert a private cause of action for the unauthorized practice of law. I am aware of no authority which would permit this Court to recognize such an action for allowing individual recovery of damages. While I am aware that Code of Virginia Section 54-44 provides a penalty for the unauthorized practice of law, the penalty for such action is a misdemeanor. No provision of that section provides for the recovery of monetary damages, much less punitive damages.

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose especial benefit the statute was enacted; . . . that is, does the statute create a right in favor of the plaintiff? Second, is there any indication of legislative intent; explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

*Cort v. Ash*, 422 U.S. 66, 78 (1975). I am satisfied that the General Assembly could scarcely have contemplated that enforcement of the prohibition of unauthorized practice of law should be effected by recognizing a private remedy exercisable at the discretion of individuals in the several

circuits. *Reliable Collection Agency Ltd. v. Cole*, 58 P.2d 107, 7 A.L.R. 4th 1136, 1141 (1978).

This Court does not claim to be without jurisdiction to entertain a claim for relief for the unauthorized practice of law, for clearly circuit courts can take cognizance of such cases. Rather, the relief requested by Plaintiffs in this case is inappropriate. The relief capable of being afforded by the circuit courts in this instance would be injunctive in nature. *See e.g.*, *Richmond Ass'n. of Credit Men v. Bar Ass'n.*, 167 Va. 327 (1937). Defendants' Demurrer to Count III is granted.

For the foregoing reasons, Defendants' Demurrer is overruled as to Count I and II and granted as to Count III.