# CIRCUIT COURT OF THE CITY OF RICHMOND

Wachovia Bank, N.A.

v.

William H. Roth, Jr.

March 20, 2009

Case No. CL08-2228

BY JUDGE MELVIN R. HUGHES, JR.

In this case, a judgment debtor, as a result of a confession of judgment, has moved to set aside the judgment under the provisions of Va. Code § 8.01-433. The relevant portions of the statute permit the remedy of set aside and a trial on the merits upon a showing "of any ground which would have been an adequate defense or set off in an action of law instituted upon the judgment creditor's note, bond, or other evidence of debt upon which such judgment was confessed. . . ." Va. Code Ann. § 8.01-433 (2007).

William H. Roth, the movant, is the guarantor on a note for Artbuilt, L.L.C. Artbuilt and Roth executed a note payable to Wachovia Bank, the judgment creditor, for a loan for $2.25 million secured by a deed of trust on five real estate lots in Stafford County in December 2005. The note matured on September 7, 2007, and Wachovia made a demand for payment. Upon Artbuilt's default, there was a remaining balance of $1,320,750. On January 23, 2008, Wachovia, after proper notice, conducted a foreclosure sale on the five lots, and, with it as the only and successful bidder, the total principal indebtedness was reduced to $845,750.00. With the addition of interest and late fees (which Roth says are unauthorized), Wachovia took a confessed judgment against Artbuilt and Roth under a confession of judgment provision of the note for $1,168,131.67 on May 8, 2008.

In his motion, Roth contends that the amount paid for each lot at auction was insufficient. He argues that the prices at auction should have met the same prices as other lots to individual purchasers in the same subdivision he describes as high end. He alleges that, prior to the foreclosure sale, other undeveloped lots in the subdivision sold for $230,000.00 to $240,000.00 each. Here, at foreclosure, four vacant lots brought $79,000.00 each. The fifth one, with a partially constructed house, sold for $159,000.00, bringing the total for all to $475,000.00. So, the issue is whether this sets an "adequate defense" such that, under the provisions of Va. Code § 8.01-433, Roth would be entitled to have the judgment set aside and have a trial, at which time Roth would contest Wachovia's claim for the deficiency. The Court will deny the motion.

The authorities presented by the parties, in support and in opposition suggest that a defense in instances of suits for a deficiency after a sale at auction is fraud. It is well known that fraud must be alleged with particularity. See *Mortarino v. Consultant Eng'g Services*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996); *Alsop v. Catlett*, 97 Va. 364, 370, 34 S.E. 48, 50 (1899). Here, the allegation of impropriety on the bank's part is as Roth represents. There is no particularity as to any acts or actions by Wachovia that amount to fraudulent conduct as a defense. To merely say that there have been other sales of lots in the same area that brought more, without more, is legally insufficient. See *Cromer v. DeJarnette*, 188 Va. 680, 688, 51 S.E.2d 201, 204 (1949). The fact that, as well, Wachovia was the only bidder at the auction is not unusual in the instance of an auction sale involving a foreclosing bank or other financial institution. So, the defense that Roth suggests is legally insufficient because it lacks the detail the law requires with respect to an allegation of fraud, and for that reason the motion will be denied.