## PETERS v. HANGER.

### (Circuit Court of Appeals, Fourth Circuit. February 2, 1904.)

### No. 503.

**1. PATENTS—ACTION FOR INFRINGEMENT—LIMITATION.**

Where plaintiff in an action at law to recover damages and profits for infringement of a patent, in order to bring himself within the terms of Rev. St. § 4921, amended by Act March 3, 1897, c. 391, § 6, 29 Stat. 692 (U. S. Comp. St. 1901, p. 3395), which gives the right of action, but provides that there shall be no recovery for any infringement committed more than six years before the commencement of the suit or action, alleges that the infringements complained of were committed within six years, it is not necessary that defendant should plead the statute, to entitle him to avail himself of plaintiff's failure to prove such allegation, but he may do so under the general issue.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

H. M. Smith, Jr., and W. H. Singleton (Chas. E. Riordon, on the brief), for plaintiff in error.

Ernest Wilkinson, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and McDOWELL, District Judge.

SIMONTON, Circuit Judge. This case comes up on writ of error to the Circuit Court of the United States for the Eastern District of Virginia. The plaintiff, James E. Hanger, brought an action in the court below for damages and profits against A. L. Peters because of the infringement of his patent rights. He sustained his action under section 4921 of the Revised Statutes of the United States, amended by act of March 3, 1897, c. 391, § 6, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3395]. This section, giving jurisdiction of suits for the infringement of patent rights, concludes:

"But in any suit or action brought for the infringement of any patent, there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint, or the issuing of the writ in such suit or action."

The plaintiff below, recognizing this, in stating his cause of action, alleged that the infringements complained of occurred since 11th October, 1896, and 3d October, 1902. The defendant pleaded the general issue. The cause coming on for trial before the court and jury, at the conclusion of the testimony the defendant below requested the court to instruct the jury that, as to claims 1 and 2 of the Hanger patent, inasmuch as no act of infringement had been proven during six years preceding the date of the filing of this suit, they must find for the defendant. This was refused, and the refusal is made a ground of exception. The jury having found for the plaintiff below, a writ of error was allowed, and the case is here on several assignments of error. The third of these goes to such refusal of the court.

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

The case had occupied some time. A large amount of testimony had been taken. Notes of testimony were had by a stenographer, but had not yet been reduced to ordinary writing. So, when this motion was addressed to the court below, it did not enjoy the advantage which this court has of seeing and considering the whole testimony. It seemed to be a very improbable thing to omit testimony as important as that alluded to in this exception. Indeed, as was stated at the bar, the judge supposed that it was in the atmosphere. We have carefully examined the evidence which is in the record, and have failed to discover any evidence showing the date that any infringement of the patent was made by the defendant below, if, indeed, any infringement was proved. There is much to create a surmise, but nothing to show any act within six years before the suit was brought. Can this avail the defendant below? He pleaded the general issue, and did not plead the statute.

We are of opinion that the plea of the statute was not necessary in this case. It may be true that in a law case, although in the statement of his complaint the plaintiff may show by dates that his cause of action did not accrue within six years, or the statutory period, whatever that may be, still the defendant cannot avail himself of that, either by demurrer or in any other way, except by the plea of the statute. 13 Enc. Pl. & Pr. 184, 200. The reason is obvious. If the statute be pleaded, the other party may reply, showing that he comes within some exception of the statute. Otherwise he will be precluded. But when the statute prescribes a condition for the suit, and the plaintiff states that he has fulfilled the condition, this reason does not apply. Under the established rule of pleading, the probata and allegata must agree. A plaintiff must prove the material allegations of his complaint. Requiring him to do so, he can lose nothing of any right he may have, and can set forth a reason for his exception from the statute. In a note to 13 Enc. Pl. & Pr. p. 200, it is stated:

"Though the rule is that a defendant at law must plead the statute of limitations, and cannot raise the defense by demurrer, yet where a cause of action which did not exist at common law is given by statute, and the bringing of the suit within a certain period is made an essential element of the right to sue, and there is no saving or qualification, objection may be taken by demurrer. Such a statute is not strictly a statute of limitations, and the right to sue must be accepted in all respects as the statute gives it;" quoting as the principal case Lambert v. Ensign Mfg. Co., 42 W. Va. 813, 26 S. E. 431; Jackson v. Hull, 21 W. Va. 601; and a number of other cases from many states in the Union,

In Nat. Bk. v. Carpenter, 101 U. S. 567, 25 L. Ed. 815, a demurrer was sustained to a bill in equity on similar ground.

We are of opinion that, when this motion was made by the defendant below, the court erred in not recognizing its force. The plaintiff had failed to prove a material element in his case.

It is ordered that the judgment of the Circuit Court be reversed, and that the case be remanded to that court, with instructions to grant a new trial. Reversed.