PETERS v. HANGER.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1904.)

No. 503.

1. PATENTS—ACTION AT LAW FOR INFRINGEMENT—ISSUES AND PROOF AS TO LIMITATION.

Act March 3, 1897, amendatory of Rev. St. § 4921 (29 Stat. 694, c. 391 [U. S. Comp. St. 1901, p. 3395]), and which provides that, in any suit or action for infringement of a patent, there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill or the issuing of the writ in such suit or action, applies not only to suits in equity under said section 4921, but also to actions on the case to recover damages for infringement, brought under section 4919 [U. S. Comp. St. 1901, p. 3394]. The amendment is not a statute of limitation, but a qualification upon the right of recovery, and need not, therefore, be specially pleaded by defendant in an action under section 4919; but, in view of the fact that the condition is imposed by a later enactment, and is not an exception in the original statute giving the remedy, it is a matter of defense, and the general rule in trespass applies—that the time is immaterial—and plaintiff (by force of Code Va. 1904, § 3245) is not required to allege the time of infringement, nor to prove it if stated under a videlicet; but defendant, if he seeks to avoid recovery on the ground that the infringements proved by plaintiff were committed more than six years before suit, has the burden of proving such fact, which he may do under the general issue.

On Rehearing. For former opinion, see 127 Fed. 820, 62 C. C. A. 498.

H. M. Smith, Jr., and W. H. Singleton (Charles E. Riordon, on the brief), for plaintiff in error.

Philip Mauro and J. Alston Cabell, for defendant in error.

Before BRAWLEY, PURNELL, and McDOWELL, District Judges.

McDOWELL, District Judge. The former opinion of this court will be found in 127 Fed. 820, 62 C. C. A. 498. The defendant in error was the plaintiff below, and will be hereafter referred to as the plaintiff, and the plaintiff in error as the defendant.

In the declaration it is alleged:

"And the plaintiff further says that the defendant, well knowing the premises, but contriving to injure the plaintiff, heretofore, to wit, since the 11th day of October, 1896, and up to the 3d day of October, 1902, * * * has unlawfully," etc.

The writ was issued October 6, 1902. No evidence was introduced on the trial showing the time when the infringements were committed. The defendant prayed for an instruction to the effect that the jury should find for the defendant, because no act of infringement was proven during the six years preceding the issuing of the writ, which instruction was refused. This was assigned as error, and it was because of this that this court on the former hearing was of opinion to reverse the trial court and remand the cause, with instructions to grant a new trial.

Section 4919, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3394], so far as now material, reads, "Damages for the infringement of any patent may be recovered by action on the case. * * *" Section 4921, Rev. St., as it appeared originally, relates to the granting of injunctions and allowance of damages in equity for infringements of patents. By the act of March 3, 1897, c. 391, 29 Stat. 694 [U. S. Comp. St. 1901, p. 3395], it is provided that section 4921 be amended by adding thereto this sentence:

"But in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint or the issuing of the writ in such suit or action, and this provision shall apply to existing causes of action."

If this amendment, which, it is conceded, applies to section 4919, were a mere statute of limitation, we are of opinion that the plaintiff did not have to prove that the infringements were committed within the time stated in the declaration. At common law the time when each traversable fact occurred should be stated. And where the plaintiff seeks to recover for repeated trespasses, he should be careful to allege the period within which they were committed. But where time is not material, if it be stated, as was done here, under a videlicet, the plaintiff need not prove the time. In personal actions it is the rule that time is ordinarily not material, and the allegation of time not traversable. Mr. Chitty says, "In trespass, time is not material." 1 Chitty, Pl. (16th Am. Ed.) 352 (274). Mr. Minor says, "Time generally forms no material part of the issue, and, if stated under a videlicet, need not be

proved as laid." 4 Minor's Inst. pt. 2, p. 1175. See, also, Stephen, Pl. (Heard) 293, 294; Tabb v. Gregory, 4 Call (Va.) 225–228.

It is provided by section 3245, Code Va. 1887 [Ann. Code 1904, p. 1708], that "all allegations which are not traversable, and which the party could not be required to prove, may be omitted, unless when they are required for the right understanding of allegations that are material." And it follows, under the assumption above made, that the allegation as to time might have been omitted from the declaration.

It is further to be noted that in Virginia the plea of not guilty in trespass on the case—the only plea filed in the case at bar—does not raise a defense under statutes of limitation. 4 Minor's Inst. (3d Ed.) p. 775. Such statutes must be specially pleaded, and the burden of proof is on the party who pleads such statutes. Goodell's Ex'rs v. Gibbons, 91 Va. 608, 22 S. E. 504; Noell v. Noell, 93 Va. 433–439, 25 S. E. 242; Hansbrough v. Neal, 94 Va. 722, 27 S. E. 593; Vashon v. Barrett, 99 Va. 344, 38 S. E. 200. If, therefore, the amendment in question is a mere statute of limitation, the allegation as to time in the declaration was not traversable, and the failure of the plaintiff to prove the time was of no consequence.

However, upon careful consideration we are led to the belief that the amendment in question is not a statute of limitation, but that it is a qualification or condition upon the right of recovery given by section 4919.

In 1 Wood on Limitation (2d Ed.) p. 1, it is said:

"Statutes of limitation are such legislative enactments as prescribe the periods within which actions may be brought upon certain claims, or within which certain rights may be enforced; and those statutes which merely restrict a statutory or other right do not come under this head, but, rather, are in the nature of conditions put by the law upon the right given."

In 19 Am. & Eng. Enc. (2d Ed.) p. 150, it is said:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance, time is made an essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitations the rules of law governing pure statutes of limitations applicable to all classes of actions have no application. They are to be determined by the law of the place under which the right of action arose or the contract was made, and are not to be treated as waived merely because they are not specially pleaded. They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided, nor, it seems, can they be evaded even by proof of fraud. Whether a particular limitation of time is to be regarded as a part of the general statute of limitations, or as a qualification of a particular right, must be determined from the language employed, and from the connection in which it is used."

See, also, 13 Am. & Eng. Enc. (1st Ed.) p. 689.

In 13 Enc. Pl. & Pr. p. 186, it is said:

"Where a statute is not a mere statute of limitations, but creates an absolute bar by the lapse of a certain period after which no action can be maintained, or where it not only suspends the remedy, but vests an absolute title, advantage may, in general, be taken of such statute without specially pleading it."

See, also, The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Davis v. Mills, 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067. We think that these authorities and others cited below are sufficient for holding that the amendment in question must be treated as a qualification or restriction on the statutory right of recovery, rather than as an ordinary statute of limitation. From this conclusion it follows that a defendant need not specially plead the restriction, and that this restriction is not subject to the disabilities and excuses through which ordinary statutes of limitation may be avoided. But the conclusion we now reach is that it does not follow that the plaintiff must prove that the infringements complained of were committed within six years prior to the institution of the suit. We have carefully examined all the cases within reach cited as bearing on statutes held to be restrictions upon statutory rights, rather than ordinary limitations. See Lambert v. Ensign Co., 42 W. Va. 813; s. c., 26 S. E. 431; Cooper v. Lyons, 9 Lea (Tenn.) 600; De Beauvoir v. Owen, 5 Exch. 166; Newcomb v. The Clermont No. 2, 3 G. Greene (Iowa) 295; Townsend v. Billerica, 10 Mass. 414; Needham v. Newton, 12 Mass. 453; Hallowell v. Harwich, 14 Mass. 186; Ives v. Beech, 2 Root (Conn.) 125; Kegler v. Miles, Mart. & Y. (Tenn.) 426, 17 Am. Dec. 819; Bomar v. Hagler, 7 Lea (Tenn.) 85; Taylor v. Cranberry Iron Co., 94 N. C. 525; Bartlett v. Manor, 146 Ind. 621, 45 N. E. 1060; Palen v. Johnson, 50 N. Y. 49; Pittsburg R. Co. v. Hine, 25 Ohio St. 629; Eastwood v. Kennedy, 44 Md. 563; Hudson v. Bishop (C. C.) 32 Fed. 523, and (C. C.) 35 Fed. 820; Cochran v. Young, 104 Pa. 333; Smart v. Mason, 2 Heisk. (Tenn.) 224; Swanson v. Tarkington, 7 Heisk. 616; Branner v. Nance, 3 Cold. (Tenn.) 302; Ashbey v. Ashbey, 41 La. Ann. 102, 5 South. 539; Hill v. Rensselaer Co., 53 Hun (N. Y.) 194, 6 N. Y. Supp. 716; Suggs v. Ins. Co., 71 Tex. 579, 9 S. W. 676, 1 L. R. A. 847; Finnell v. Southern R. Co. (C. C.) 33 Fed. 427; Baker v. Stonebraker, 36 Mo. 338. But in no one of these cases is there an intimation that the nonexpiration of the time limit must be proved by the plaintiff. In Bomar v. Hagler, 7 Lea, 85, 89, it is said:

"The rule is that a statute which bars the remedy only must be pleaded, but a statute which cuts off the right need not be pleaded, but may be relied upon as a protection if the facts appear." * * *

It is a familiar rule that, when there is an exception or proviso in the enacting clause of the statute relied on, the plaintiff must allege that the defendant is not within the exception, but, if the exception be in some subsequent clause or section, it is matter of defense, to be shown by the defendant. 1 Chitty, Pl. (16th Am. Ed.) 318 (246); Smith v. Moore, 6 Greenl. 274; Vavasour v. Ormond, 6 Barn. & C. 432; s. c., 13 Com. L. 225; Spiers v. Parker, 1 Term R. 141; Gill v. Scrivens, 7 Term R. 227; State v. Barker, 18 Vt. 195; Williams v. Hingham Turnpike Corp., 4 Pick. (Mass.) 345; Rex v. Pemberton, 2 Burr. 1037; Rex v. Jarvis, 1 East, 643; Rex v. Stone, 1 East, 641; Steel v. Smith, 1 Barn. & Ald. 94; Becker v. State, 8 Ohio St. 391; Osborn v. Lovell, 36 Mich. 246; Hirn v. State, 1 Ohio St. 15. In Rex v. Jarvis, supra, it is said that, if there is a proviso or exception in a subsequent clause, it must be insisted on by the defendant by way of defense. In Rex v. Pemberton, supra, the exception relied on was created by a statute

of later date than that on which the indictment was founded. The court held that such exception need not be negatived in the indictment, but "must be shown by the defendant by way of excuse, either by plea or in evidence." Under this principle, it would seem, as the restriction in the case at bar is imposed by an amendment, and by an amendment to another section of the Revised Statutes, that a right of recovery is shown merely by evidence of an infringement, and that it is for the defendant to prove, if he can, that the infringements were committed more than six years before the institution of the suit. And the fact that evidence on this point for the defendant can be introduced under the general issue, and without a special plea, does not seem a sufficient reason for further departure from established rules.

It is argued that because the declaration in the case at bar alleges that the infringements were committed within a stated period—practically six years prior to the issue of the writ—the necessity of proving this allegation is thrown on the plaintiff. But it is the rule that in personal actions the time of the occurrence of every traversable fact should be stated. And the standard authorities cited in the first part of this opinion, to the effect that time is not material in trespass, and that ordinarily the time alleged in personal actions, if stated under a videlicet, need not be proved, are as applicable to the defense given by the amendment under discussion as to the defense given by an ordinary statute of limitation. And we cannot perceive that time is made more material by the amendment in question than it is by an ordinary statute of limitation. Although, by the amendment, recovery may not be had for infringements committed over six years before suit, still it is a matter of defense that the infringements were committed before that time. Matters of defense must be proved by the defendant. While there is authority to the effect that in some instances, where a plaintiff unnecessarily anticipates matter of defense, he will be required to prove his allegation (see Hill v. Allison, 51 Tex. 390; Watkinds v. So. Pac. R. Co. [D. C.] 38 Fed. 711, 4 L. R. A. 239), still it must be remembered that the allegation here in question is as to an immaterial matter, and that the precaution was taken to state the time under a videlicet.

It is also to be remembered that if the infringements, or any of them, were committed more than six years prior to the action, it is the defendant who best knows the facts in this respect, and can most easily prove them. Consequently any doubt as to the propriety of excusing the plaintiff from proving the time of the infringements could properly be solved under the rule imposing the burden of proof upon the party that has the best means of knowing the facts. 2 Ency. Ev. 800 et seq., 804; 1 Wharton, Ev. (3d Ed.) § 367; Rugely v. Gill, 15 La. Ann. 509; Bowman v. McElroy, Id. 663; Clapp v. Ellington, 87 Hun (N. Y.) 542, 34 N. Y. Supp. 283.

The conclusion reached by this court on the former hearing, that the remaining assignments of error are without merit, is, upon reconsideration, believed to be entirely sound. It follows that the former order of remand must be set aside, and the judgment of the trial court affirmed.

Affirmed.