**HINES, Director General of Railroads, v. W. F. RICHARDSON, JR., CO., Inc. and three other similar cases.**

(Circuit Court of Appeals, Fourth Circuit. May 22, 1923.)

Nos. 2091–2094.

**Limitation of actions ⊂⊃21 (4)—"Demurrage charges" governed by limitation applicable to contracts.**

Since, under Interstate Commerce Act, §§ 1, 6 (Comp. St. §§ 8563, 8569), terminal and storage charges are made as much a part of the contract of transportation as the freight, and "demurrage charges" are intended to be in part compensation to the carrier and in part a penalty to secure the release of equipment and tracks, and consignees by accepting cars of freight impliedly contract to pay such charges as part of the transportation charges, *held*, that actions for demurrage charges are governed, under Code Va. 1919, §§ 5810, 5818, not by the one-year limitation applicable to penalties, but by the three-year limitation applicable to contracts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Demurrage.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Separate actions by Walker D. Hines, Director General of Railroads, operating the Chesapeake & Ohio Railroad, against the W. F. Richardson, Jr., Company, Incorporated, against the Mayo Milling Company, Incorporated, and against the Adams Grain & Provision Company, respectively, and by John Barton Payne, Director General of Railroads, operating the Chesapeake & Ohio Railroad, against the

---

Adams Grain & Provision Company. Judgments for less relief than demanded, and plaintiffs bring error. Reversed.

David H. Leake, of Richmond, Va. (Walter Leake and Sherlock Bronson, both of Richmond, Va., on the brief), for plaintiffs in error.

Robert H. Talley, of Richmond, Va. (R. E. Cabell, of Richmond, Va., on the brief), for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. These actions are for the recovery of amounts alleged to be due for demurrage on loaded cars consigned to the defendants and accepted by them in the years 1918 and 1919. The answers alleged that the actions were not on contract, but strictly for the recovery of penalties, and therefore are barred by the Virginia statute of limitations of one year, applicable to all causes of action which do not survive. The court in each case denied plaintiff's motion to reject the plea of the statute and allowed the plea to be filed. Evidently this order was not a final judgment. It had no other effect than to allow the plea to stand for the consideration of the court on the trial.

Thereafter the plaintiff tendered a special replication to the plea of the statute of limitations in each case, alleging that the bills of lading provided that the consignee on acceptance of the bill of lading should be liable for reasonable charges for the detention of the cars; that the demurrage charges for the detention were reasonable, and were filed with and approved by the Interstate Commerce Commission; and that the claim set up in the declaration was founded on contract, and therefore was not barred by the statute of limitations of one year. The court overruled plaintiff's motion to file the replication, and sustained the plea of the statute of limitations. Final judgments were accordingly entered, on October 30, 1922, in favor of the plaintiffs in the two cases where the charges had accrued within one year before the commencement of the actions, for such charges only. In the other cases final judgments were entered in favor of the defendants.

It is conceded that, if the actions are on contracts express or implied, the limitation of the Virginia statute is not less than three years, and that if they are for the recovery of mere penalties, which the defendants did not expressly or impliedly contract to pay, they are barred after one year. Virginia Code of 1919, §§ 5810, 5818.

It seems clear both on principle and authority that the defendants by acceptance of the cars became bound by the terms of the bills of lading, and contracted to pay the reasonable demurrage charge provided for therein as a part of the transportation charges. Section 1 of the Interstate Commerce Act (Comp. St. § 8563) provides that "transportation" shall include "all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported." Reasonable rates to be approved by the Interstate Commerce Commission are required for all these services, including "handling and storage." By section 6 (Comp. St. § 8569) the carrier is required to file schedules which shall state separately all terminal charges, storage charges, icing charges, and

all other charges which the Commission may require. The statute could hardly more clearly express the intention to put terminal and storage charges on the same basis as freight, and to make them as much a part of the contract of transportation as the freight. It has been so held by the Supreme Court of the United States and by this court. Southern Ry. Co. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836; Davis v. Timmonsville Oil Co., 285 Fed. 470.

It is true that the Interstate Commerce Commission and the Supreme Court itself have referred to demurrage charges as partaking of the nature of a penalty for undue detention of cars. Pennsylvania R. Co. v. Kittanning Co., 253 U. S. 319, 323, 40 Sup. Ct. 532, 64 L. Ed. 928; Kehoe & Co. v. Charleston, etc., R. Co., 11 Interst. Com. Com'n R. 166, 170. The true view seems to be that stated by the Interstate Commerce Commission, in Investigation & Suspension Dockets 83 and 83–a, 25 Interst. Com. Com'n R. 314, 315, that the demurrage charge is intended "to be in part compensation to the carrier and in part a penalty to secure the release of equipment and tracks." N. Y. Hay Exchange Ass'n v. Pennsylvania R. R. Co., 14 Interst. Com. Com'n R. 178, 184; Pittsburg & Ohio Mining Co. v. B. & O. R. R. Co., 40 Interst. Com. Com'n R. 408.

But it makes no difference what the demurrage charge may be called, or that it partakes both of the nature of a charge for service and a penalty to stimulate promptness on the part of shippers and consignees. It was approved by the Interstate Commerce Commission and incorporated in the bills of lading along with the freight as a part of the transportation charges. When the defendants accepted the cars, they impliedly contracted to pay all these transportation charges. Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Fink, 250 U. S. 577, 40 Sup. Ct. 27, 63 L. Ed. 1151; N. Y. Central v. Whitney Co., 256 U. S. 406, 41 Sup. Ct. 509, 65 L. Ed. 1016.

It follows, therefore, that the defendants were liable under the facts appearing on the records on implied contracts to pay the demurrage charges, that the actions on such contracts survive, and that they are not barred by the one-year statute of limitations of the state of Virginia. The judgments must be reversed, without prejudice to the right of the defendants to move in the District Court for leave to set up any other defense by amendment.

Reversed.