## PENNSYLVANIA R. CO. v. CAROLINA PORTLAND CEMENT CO.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

### No. 2556.

1. **Carriers ⊚⟼196—Carrier's action to recover charges must be commenced within 3 years after delivery or tender of shipment, though some charges accrued thereafter (Interstate Commerce Act, § 16, subd. 3, as amended by Transportation Act 1920, § 424 [Comp. St. § 8584]).**

Under Interstate Commerce Act, § 16, subd. 3, renumbered and amended by Transportation Act, § 424 (Comp. St. § 8584), carrier's action to recover charges with respect to shipment of goods must be commenced within three years after delivery is made or tendered, notwithstanding part of charges, such as storage and unloading, accrued after tender of delivery.

2. **Words and phrases—"Shipment" may include property subject of transportation, as well as transportation itself.**

"Shipment" is a broader, not a narrower, word than "transportation," and can be used to include property which is subject of transportation, as well as transportation itself.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Shipment.]

3. **Carriers ⊚⟼196—Shipper's failure to bring action for recovery of charges within prescribed time held properly raised by demurrer (Interstate Commerce Act, § 16, subd. 3, as amended by Transportation Act, § 424 [Comp. St. §.8584]).**

Carrier's failure to institute action to recover charges with respect to shipment within three-year period prescribed by Interstate Commerce Act, § 16, subd. 3, renumbered and amended by Transportation Act, § 424 (Comp. St. § 8584), held properly raised by demurrer.

4. **Limitation of actions ⊚⟼180(2)—Declaration showing on its face that statutory action was not brought within prescribed time is demurrable.**

Where cause of action is one created by statute fixing time within which action must be brought as essential element of right to sue, declaration or complaint showing on its face that action was not brought within prescribed time is demurrable.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Action by the Pennsylvania Railroad Company against the Carolina Portland Cement Company. Judgment sustaining a demurrer to the complaint, and plaintiff brings error. Affirmed.

Nathaniel B. Barnwell, of Charleston, S. C. (James E. Gowen, of Philadelphia, Pa., on the brief), for plaintiff in error.

Simeon Hyde, Jr., of Charleston, S. C. (Moffett & Hyde, of Charleston, S. C., on the brief), for defendant in error.

Before WADDILL and PARKER, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge. This is a writ of error to review a judgment for defendant upon an order sustaining a demurrer to the complaint, and the only question presented is whether the complaint states a cause of action. The facts alleged are as follows: Plaintiff is a common carrier engaged in interstate commerce. On June 16, 1922, defendant delivered to it at Tuscaloosa, Ala., a car of lumber for transportation to Harrisburg, Pa. The car arrived in Harrisburg on June 30, 1922, and plaintiff tendered delivery on that date to the company to which defendant had ordered that delivery be made. This company refused to accept the shipment or to pay the charges thereon, and defendant was duly notified and promised to send a representative to handle same. This was never done, however, and on September 8th the lumber was unloaded and held by plaintiff in storage until January 5, 1923, when it was sold for the charges which had accumulated. These charges were freight, $219.95; demurrage, $208; unloading, $39.25; storage, $480. The lumber brought $514.40 at the sale by plaintiff, and recovery is asked for the balance of the charges amounting to $492.80. The action was instituted December 9, 1925, more than three years after delivery was tendered, but less than three years after the sale on January 5, 1923.

The District. Judge sustained the demurrer on the ground that the action was not instituted within three years after tender of delivery. The plaintiff urges that this was erroneous for the following reasons: (1) That the three-year limitation prescribed by the transportation act applies only to actions to recover freight charges for shipment, and not to charges for storage, demurrage, and unloading; (2) that at least a part of the charge for storage accrued within the three-year period; and (3) that the three-year period prescribed by the act is a mere statute of limitations affecting the remedy, which cannot be raised by demurrer.

We have carefully considered the arguments advanced by the learned counsel for plaintiff, but we do not think that any of the points relied on can be sustained. The case arises under the Transportation Act of 1920, and the questions which we are to determine are not affected by the amendment of 1924. Subdivision 3 of section 16 of the Interstate Commerce Act, renumbered and amended by the Transportation Act provides:

"(3) All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after. All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, unless the carrier, after the expiration of such two years or within ninety days before such expiration, begins an action for recovery of charges in respect of the same service, in which case such period of two years shall be extended to and including ninety days from the time such action by the carrier is begun. In either case the cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after. A petition for the enforcement of an order for the payment of money shall be filed in the district court or state court within one year from the date of the order, and not after." 41 Stat. 492 (Comp. St. § 8584).

[1] We think that the clear meaning of this statute is that actions by carriers to recover charges made with respect to a shipment of goods must be commenced within three years after delivery is made or tendered, even though a part of the charges sought to be recovered be for services rendered after tender of delivery. The language of the statute is clear, and does not require that we resort to any rules of construction or interpretation to ascertain its meaning. Its manifest purpose was to fix one date on which all causes of action, both those in favor of shipper and those in favor of carrier, with respect to any particular shipment, should be deemed to have accrued, so that, in the application of the section limiting time for suit, a situation would not arise wherein claims in favor of one party arising out of a particular shipment would be barred and those in favor of the other party not be barred. This purpose clearly appears from the sentence which extends the two-year period of limitation for recovery of damages by the shipper in cases where the carrier begins action for recovery of charges after the two-year period.

[2] It is argued, however, that the expression "in respect of a shipment of property" limits the effect of the section under consideration to such causes of action as arise out of the actual moving of the property as distinguished from charges for storage or demurrage. But we do not think that the language used can be given such meaning. "Shipment" is a broader, not a narrower, word than "transportation," and can be used to include the property which is the subject of transportation as well as the transportation itself. That it has such meaning here is shown by the use of the words "upon delivery or tender of delivery thereof" in the same sentence; the word "thereof" clearly referring to "shipment of property."

"Transportation" is defined by the act itself to include "all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported." 41 Stat. 475 (Comp. St. § 8563).

As said by the Supreme Court, " * * * it is evident that Congress recognized that the duty of carriers to the public included the performance of a variety of services that, according to the theory of the common law, were separable from the carrier's service as carrier, and, in order to prevent overcharges and discriminations from being made under the pretext of performing such additional services, it enacted that so far as interstate carriers by rail were concerned the entire body of such services should be included together under the single term 'transportation' and subjected to the provisions of the act respecting reasonable rates and the like." Cleveland, C., C. & St. L. Ry. Co. v. Dettlebach, 239 U. S. 588, 36 S. Ct. 177, 60 L. Ed. 453; Sou. Ry. Co. v. Prescott, 240 U. S. 632, 36 S. Ct. 469, 60 L. Ed. 836.

In Davis v. Timmonsville Oil Co. (C. C.

A. 4th) 285 F. 470, 472, having under consideration the right to recover demurrage charges, this court said:

"Demurrage charges are part and parcel of the transportation charges, and are covered by the same rules of law. They are a part of the tariff, and must be collected from the shipper or the consignee of the freight to the same extent as the charge for carriage."

In Hines v. Richardson (C. C. A. 4th) 290 F. 162, 163, the court said:

"Section 1 of the Interstate Commerce Act (Comp. St. § 8563) provides that 'transportation' shall include 'all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported.' Reasonable rates to be approved by the Interstate Commerce Commission are required for all these services, including 'handling and storage.' By section 6 (Comp. St. § 8569) the carrier is required to file schedules which shall state separately all terminal charges, storage charges, icing charges, and all other charges which the Commission may require. The statute could hardly more clearly express the intention to put terminal and storage charges on the same basis as freight, and to make them as much a part of the contract of transportation as the freight."

It will be noted that the first sentence of the section under consideration provides that "all actions at law by carriers * * * for recovery of their charges * * * shall be begun within three years. * * *" There can be no question, in the light of the cases above cited, that this language includes storage and demurrage charges as well as freight. The next sentence deals with complaints for recovery of damages. Then follows the sentence, "In either case *the* cause of action shall * * * be deemed to accrue," etc., clearly showing that the cause of action referred to is one of either of the classes referred to in the two preceding sentences. We can see no reason why Congress should have intended to exclude causes of action for demurrage or storage from the terms of the statute, and we are satisfied that the language used did not do so.

[3] This leaves only one question to be considered, viz. whether the point that the action was not instituted within the three year period prescribed by the statute can be raised by demurrer. We think that this question must also be answered against plaintiff. The cause of action is one which arises out of the statutes of the United States, and the action of the Interstate Commerce Commission taken thereunder. N. Y. Cent. & H. R. R. Co. v. York & Whitney Co., 256 U. S. 406, 41 S. Ct. 509, 65 L. Ed. 1016; Pittsburgh, etc., R. Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151. In a suit by a shipper to recover alleged overcharges on interstate shipments, this court, speaking through Judge Rose, said:

"The shippers must recover, if at all, upon the rights given them by certain acts of Congress and proceedings of the Interstate Commerce Commission authorized thereby. It does not help the shippers that, had there been no such acts or proceedings, they could at common law have recovered from a common carrier any sums which had been unlawfully extorted from them; for in the cases which they now present the question whether there was any extortion, and, if so, how much, depends altogether upon the construction of the federally prescribed tariffs." Allen v. N. Y. P. & N. R. Co., 15 F. (2d) 532, decided October 19, 1926.

[4] The cause of action is one created by statute, which fixes a time within which action must be brought as an essential element of the right to sue, and in such cases it is well settled that a declaration or complaint which shows on its face that the action was not brought within the time prescribed is demurrable. Phillips v. Grand Trunk Ry., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; Finn v. U. S., 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128; Atlantic C. L. R. R. Co. v. Burnette, 239 U. S. 199, 36 S. Ct. 75, 60 L. Ed. 226; Central Vermont R. Co. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252; Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813; Peters v. Hanger (C. C. A. 4th) 127 F. 820, on rehearing 134 F. 586; 37 C. J. 1207.

For the reasons stated, there was no error, and the judgment of the District Court is affirmed.

Affirmed.