CHESAPEAKE & OHIO RAILWAY COMPANY *v.* WIENER.

1. Carriers—Action for Charges—Demurrage—Limitation of Actions.·

Demurrage charges come within the meaning of the words "charges, or any part thereof," in provision of interstate commerce act limiting the time within which a carrier may sue to recover charges in respect to a shipment of property (49 USCA, § 16 [3] [a]).

2. Same—Limitation of Actions—Delivery—Tender.

The 2-year limitation upon a carrier's action to recover charges in respect to a shipment of property begins to run at the time of delivery, if there is a delivery, but if there is no delivery, the time limitation begins to run at the time of tender of delivery (49 USCA, § 16 [3] [a]).

3. Same—Demurrage—Statutes—Interstate Commerce Commission Regulations.

Interstate commerce regulations for computing time for demurrage charges are not controlling of time for commencement of carrier's action for recovery of such charges, where the time limitation in such respect is specifically set forth in the interstate commerce act (49 USCA, § 16 [3] [a]).

Appeal from Muskegon; Hatch (Blaine W.), J., presiding. Submitted April 8, 1953. (Docket No. 22, Calendar No. 45,667.) Decided June 8, 1953.

Action by Chesapeake & Ohio Railway Company, a Virginia corporation, against Paul M. Wiener and others, doing business as Wiener Dock & Terminal Company, for demurrage charges. Judgment for plaintiff. Defendants appeal. Affirmed.

References for Points in Headnotes
[1–3] Generally as to demurrage charges, see 9 Am Jur, Carriers § 598 *et seq.*

*Sessions & Barlow* (*William R. Althans* and *John J. Holden,* of counsel), for plaintiff.

*Raymond J. Engle* and *William P. Spaniola,* for defendants.

Boyles, J.   Plaintiff railway company sued the defendant dock and terminal company for demurrage charges, claiming that the defendant had detained certain railroad cars until demurrage charges had accumulated. The only defense pleaded was that the cause of action was barred because suit was not begun within the 2 years prescribed by the interstate commerce act.[*]   The case was submitted on stipulated facts and the trial court gave the plaintiff judgment for $2,941.29 for part of its claim, plus interest.   The defendant appeals.

The applicable provisions of said act are as follows:

"Sec. 16.  *  *  *

"(3) (a) All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within 2 years from the time the cause of action accrues, and not after.  *  *  *

"(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after."

All of the 70 cars involved were tendered (constructively placed) to the defendant on or before April 29, 1947. They were actually delivered at different times, some before and some after said date. Suit was started April 29, 1949.   The trial court held:

"It is, therefore, apparent that the statutory limitation of 2 years begins to run, not upon the release

[*] 49 USCA, § 16(3)(a) and (e).

of the car to the carrier, but upon the delivery or tender of delivery of the shipment to the consignee.

"It appears from the reading of the statute that if the shipment is actually delivered, and accepted by the consignee, that the statute begins to run from the date of delivery, however, if the shipment is tendered for delivery but not actually delivered due to the consignee's failure to accept the same, then the statute begins to run from the date of tender of delivery."

The trial court gave the plaintiff judgment for the cars actually placed (delivered) within 2 years prior to April 29, 1949, and denied recovery of demurrage charges for the cars delivered to the defendant prior to said 2-year period of time.

Appellant contends that the cause of action accrued when the cars were *tendered* (constructively placed) to the defendant by the plaintiff; and that because 2 years had elapsed from such tender of delivery the action is barred.

Appellee contends, and the circuit judge found, that the statute fixes the time for the limitation to begin to run in all cases for the recovery of charges at the time of delivery, namely, accepted by the consignee, or, if there is no delivery, then at tender of delivery.

In *Pennsylvania R. Co.* v. *Carolina Portland Cement Co.* (CCA), 16 F2d 760, the court held that demurrage charges come within the meaning of the words "charges, or any part thereof," in section 16 (3) (a), and that a cause of action concerning demurrage charges comes within the meaning of the words "in respect of a shipment of property" in section 16(3) (e).

In *Alton R. Co.* v. *Tucker* (CCA), 138 F2d 796, the court held that the 2-year limitation begins to run at the time of delivery if there is a delivery, but if

there is no delivery then the limitation begins to run at the time of tender of delivery.

Appellant, relying on interstate commerce regulations for computing time for demurrage charges, argues that the cause of action accrues when such charges shall begin, based on "actual or constructive placement" of cars on tracks. In support, counsel quote from Corpus Juris Secundum and conclude that the 2-year limitation for starting suit dates from constructive placement of cars rather than actual delivery. The plain answer is that the 2-year period has been fixed by act of Congress, and it has not been left open to interstate commerce regulations promulgated for the purpose of computing the time for determining demurrage charges. Computing demurrage charges is one thing in that it fixes the amount of the charge and is quite apart from determining the time within which an action to collect such charges may be commenced, which has been fixed by statute. The trial court correctly applied the law.

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.