The ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY,
Plaintiff,

v.

BENCHCRAFT, INC., Defendant and
Third-Party Plaintiff,

v.

DELIVERY, INC. and Capitol Truck
Lines, Inc., Third-Party
Defendants.

No. 73CV441–W–2.

United States District Court,
W. D. Missouri, W. D.

April 4, 1974.

Sam D. Parker, Jack W. R. Headly,
Joseph E. Stevens and Daniel M. Dibble,
of Lathrop, Koontz, Righter, Clagett,
Parker & Norquist, Kansas City, Mo.,
for plaintiff.

George L. Gisler, Kansas City, Mo.,
for defendant and third-party plaintiff.

Lex Passman, of Morrison, Hecker,
Curtis, Kuder & Parrish, Kansas City,

Mo., for third-party defendant Delivery, Inc.

Howard D. Lay, of Donaldson & Lay, Kansas City, Mo., for third-party defendant Capitol Truck Lines, Inc.

*Memorandum And Order Granting Defendant And Third-Party Defendants' Joint Motion For Summary Judgment*

COLLINSON, District Judge.

This is an action to recover demurrage charges for excess detention of two trailers. Defendant and third-party defendants jointly have moved the Court for summary judgment. The motion will be granted.

The motion is based on the facts alleged in plaintiff's complaint and plaintiff's answers to certain interrogatories. On May 2, 1969, plaintiff delivered two trailers to defendant. The trailers were numbered NWZ 209790 and ELZZ 202044 and were owned by two other railroads. The trailers had been shipped from Canton, Ohio, to Kansas City, Missouri, partially over plaintiff's railroad. Trailer NWZ was returned to plaintiff on November 2 or 7, 1972; demurrage charges at that time amounted to over $14,000. Trailer ELZZ was returned to its owner on August 5, 1970; demurrage charges at that time amounted to over $5,000. This action was commenced on August 8, 1973.

Movants submit that plaintiff's action is barred by 49 U.S.C. § 16(3)(a) and (e) (1970). Subsection 16(3)(a) provides:

> All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

Subsection 16(3)(e) provides:

> The cause of action in respect of·a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.

Since this action was commenced over three years after delivery of the trailers to defendant, if demurrage charges are "charges" within the meaning of subsection 16(3)(a), and if this is an action "in respect of a shipment of property" within the meaning of subsection 16(3)(e), then plaintiff's action is barred.

■ Three courts have addressed the questions suggested. All three have ruled that demurrage charges are "charges" within the meaning of subsection 16(3)(a), that an action to recover demurrage charges is an action "in respect of a shipment of property" within the meaning of subsection 16(3)(e), and that an action commenced after the statute's time limitation is barred. Pennsylvania R. R. v. Carolina Portland Cement Co., 16 F.2d 760 (4th Cir. 1927); Baker v. Chamberlain Mfg. Corp., 356 F.Supp. 1314 (N.D.Ill.1973); Chesapeake & O. Ry. v. Wiener, 336 Mich. 548, 58 N.W.2d 918 (1953). The Court has read carefully each of these decisions and we believe that they are entirely correct.

■ The phrase "in respect of a shipment of property" does not limit subsection 16(3)(e) to actions which arise out of the actual moving of the property as distinguished from charges for storage and demurrage. The term "shipment" includes "the property which is the subject of transportation as well as the transportation itself." Pennsylvania R.R. v. Carolina Portland Cement Co., *supra*, 16 F.2d at 761. It is of no matter that part of the demurrage charges may have been incurred within three years preceding commencement of this action. The three years' limitation is measured forward from the time of delivery and not backward from the commencement of the action.

Subsection 16(3)(e) is contrary to all judicial concepts of when a cause of action accrues. It is indeed strange to think that the statute of limitations for this action began to run before any demurrage charges were incurred.

Strange as it may be, that is the law. It is based on sound congressional policy: "uniformity and equality of treatment, as between carrier and shipper." Midstate Horticultural Co., Inc. v. Pennsylvania R.R., 320 U.S. 356, 361, 64 S.Ct. 128, 131, 88 L.Ed. 96 (1943); Baker v. Chamberlain Mfg. Corp., *supra*, 356 F. Supp. at 1317. Congress simply has discarded traditional judicial concepts "in favor of the § 16(3)(e) uniform statutory period of delivery as the start of the limitation period." Baker v. Chamberlain Mfg. Corp., *supra* at 1317.

 Since this action was commenced more than three years after the delivery of the trailers to defendant, the action is barred. It is therefore

Ordered that defendant and third-party defendant's motion for summary judgment be, and hereby is, granted.